1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JACOBO LEVY,

Plaintiff,

v.

GMAC WHOLESALE MORTGAGE
CORP.,

Defendant.

Case No. 10cv1701 BTM(CAB)

**ORDER GRANTING MOTION TO DISMISS**

Defendant GMAC Wholesale Mortgage Corp. ("Defendant" or "GMAC") has filed a motion to dismiss the Complaint for failure to state a claim. For the reasons discussed below Defendant's motion is **GRANTED**.

## II. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to

relief above the speculative level." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u>  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S,Ct. 1937, 1950 (2009) (internal quotation marks omitted).

## II.  DISCUSSION

Defendant contends that the Complaint should be dismissed because the Complaint is virtually incomprehensible and fails to meet basic pleading standards.  The Court agrees.

Plaintiff alleges that he was induced by "Defendants" into entering into a predatory loan, which he used to refinance his residence located at 3510-12 Helix Street, Spring Valley, CA 91977.  (Compl. at 2.)  Plaintiff contends that the Lender (who is not identified) has no legal standing to bring collection or foreclosure claims against the property and that  the Defendants fraudulently induced Plaintiff to enter into the loan. (Compl. at 7-8.)  Plaintiff also makes nonsensical allegations regarding the securitization of the note and the defrauding of investors and backers of derivatives.  (<u>Id.</u>)  Plaintiff asserts causes of action for breach of duty, negligence/negligence per se, fraud, breach of the implied covenant of good faith and fair dealing, violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, <u>et seq.</u>,  and intentional infliction of emotional distress.

Although Plaintiff's Complaint is thirty-one pages long, it is completely devoid of facts.  The Complaint is a rambling assortment of vague and confusing allegations.  It is completely unclear what GMAC's role was in connection with the loan, or what GMAC did to harm Plaintiff.  Accordingly, GMAC's motion to dismiss for failure to state a claim is **GRANTED**.

## III.  CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED**.

Plaintiff's Complaint is **DISMISSED** for failure to state a claim.  The Court grants Plaintiff leave to file an amended complaint correcting the deficiencies identified above.  If Plaintiff chooses to file an amended complaint, he must do so within 15 days of the entry of this Order.  If no amended complaint is filed, the Clerk shall enter judgment dismissing the case.

**IT IS SO ORDERED.**

DATED:  November 22, 2010

Honorable Barry Ted Moskowitz
United States District Judge

10cv1701 BTM(CAB)